NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 30 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>NAI CHING SAELEE,<br><br>Defendant - Appellant. | No. 05-30367<br><br>D.C. No. CR-04-00125-RRB<br><br>MEMORANDUM* |

RECEIVED
SEP 2 5 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 27, 2006
Anchorage, Alaska

Before: **KOZINSKI, BERZON** and **TALLMAN**, Circuit Judges.

The full range of conduct covered by Alaska Stat. § 11.41.420 falls within the meaning of "crime of violence" as defined by the career offender enhancement provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2. And, where the full range of conduct covered by a statute fits within the meaning of "crime of

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

violence," an enhancement for violating the statute is proper. See United States v. Baron-Medina, 187 F.3d 1144, 1146 (9th Cir. 1999). Thus, the sentence enhancement for defendant's past sexual assault offense was appropriate.

Any activity covered under Alaska Stat. § 11.41.220(a), is likewise a "crime of violence" for the purposes of U.S.S.G. § 4B1.2. Given that defendant was convicted of third-degree assault under Alaska Stat. § 11.41.220(a), his sentence was properly enhanced on this basis as well.

Where all conduct covered by the statute is a "crime of violence," a sentencing judge need not conduct a modified categorical analysis. See United States v. Lopez-Torres, 443 F.3d 1182, 1185 (9th Cir. 2006). And, because we hold that all activities covered by Alaska Statute § 11.41.220(a) are categorically "crimes of violence," the district judge's consultation of material other than "charging documents filed in the court of conviction" and "recorded judicial acts," as required by Shepard v. United States, 544 U.S. 13, 20 (2005), was harmless.

The record offers no suggestion that the trial court based its sentence on a determination that defendant possessed firearms in connection with another felony offense. Therefore, we will not review whether such a connection could be established in this case.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

SEP 21 2006

by: _____
Deputy Clerk