Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>NAI CHING SAELEE,<br><br>                   Defendant. | Case No. 3:04-cr-0125-RRB<br><br>**MOTION TO REDUCE SENTENCE** |

Defendant, Nai Ching Saelee, by and through counsel Mary C. Geddes, Assistant Federal Defender, moves this court for resentencing pursuant to 18 U.S.C. § 3582(c)(2).

I.   <u>Sentencing Guideline Amendments Concerned Crack Cocaine Offenses</u>

On November 1, 2007, the United States Sentencing Commission issued amendments to the crack guidelines which lowered the penalties for most crack cocaine offenses. On December 11, 2007, the Commission voted to apply the crack amendments

retroactively to cases sentenced before November 1, 2007. In conjunction with voting to apply the crack amendments retroactively in November 2007, the Commission also significantly modified U.S.S.G. § 1B1.10, the guideline concerning retroactive application of amendments. In April 2008, the Commission further amended the sentencing guidelines to change the drug equivalency calculation between crack cocaine and marijuana in poly-drug cases. This newest change became effective May 1, 2008, and is retroactive.

Through these amendments, the Commission has sought a simple correction of the base offense level for the prior disproportionate treatment of crack cocaine relative to powder cocaine.

II.   Nai Saelee Makes Application For The Two-Level Reduction

Nai Ching Saelee, who is now 28, is presently serving a 170-month sentence. Relying on the retroactive crack amendment, he seeks the approximate equivalent of a two-level reduction in the Sentencing Guidelines. This court has jurisdiction under § 3582(c)(2)[1] and the discretion to ameliorate the long sentence imposed in this case. He seeks a reduction

---

[1]  18 U.S.C. § 3582(c)(2) provides:
> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

in his sentence to 140 months, a sentence at the low end of a 140- to 175-month sentencing range.

Because the Sentencing Commission has approved retroactive application of an amendment to the crack cocaine guideline, and because the court's sentencing decision in this case included consideration of the old guideline for the scoring of crack cocaine offenses, Mr. Saelee is eligible for resentencing under 18 U.S.C. § 3582(c)(2),[2] and should receive the benefit of a two-level reduction.

III.   Mr. Saelee's Sentence Was Based Upon all the Pertinent Guidelines

In 2005, Mr. Saelee pleaded guilty to six counts of a superseding indictment. There was no plea agreement. Among those counts were three convictions that pertained to the possession and intended distribution of crack cocaine. Mr. Saelee was convicted in Counts 1, 2, and 3 for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Mr. Saelee was also convicted in Count 5 for possession of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). There were additional counts of

---

[2] This court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Saelee seeks a reduction in accordance with Amendment 706 of the Sentencing Guidelines, which altered the drug quantity table in U.S.S.G. § 2D1.1(c).

conviction (4 and 6) for being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(3).

There was no plea agreement.

In determining the sentence, the court heavily relied upon the structure, instructions, and content of the Sentencing Guidelines. See U.S.S.G. § 1B1.1. There were two groups of offenses: the drug counts (1, 2, 3, and 5) and felon in possession counts (counts 5 and 6), and the guideline was necessarily determined for each group of offenses. The adjusted offense level for the drug counts was 28: 2 levels for the possession of a gun, and 26 for the drugs, which were mostly crack. The adjusted offense level for that group was 28. The offense level for the felon in possession counts was 34. Consequently, the adjusted offense level for these groupable offenses was 34, minus 3 levels for acceptance of responsibility, for a total offense level of 31. Additionally, the court determined that Mr. Saelee qualified as a career offender, however, that characterization did not affect the relevant Guideline offense level and criminal history.

The district court did conclude that all the Guidelines had been correctly calculated in the PSR. In criminal history category VI and with an offense level of 31, Mr. Saelee faced a Guideline sentence of 188 to 235 months.

Nonetheless, in this post-Booker[3] proceeding, the court ultimately chose to impose a non-career-offender sentence of 170 months. This variance from the Guideline sentence was the equivalent of a horizontal departure from CH category VI to V, or a reduction of one offense level, which would have permitted a sentencing range of 168 to 210 months.

The court now has the authority to resentence Mr. Saelee because of the Commission's change in the drug quantity's base offense level, allowing a reduction of two offense levels in U.S.S.G. § 2D1.1..

Although the government might argue that Mr. Saelee's gun-related offenses should preclude the court's exercise of discretion today, this court obviously considered the totality of Mr. Saelee's conduct when determining the appropriate sentence. Therefore, Mr. Saelee is entitled to get the post-hoc benefit of the Sentencing Commission's conclusion that crack cocaine crimes were weighed too harshly in the sentencing structure which was utilized in the fashioning of this sentence. In this sentencing redux, the retroactive amendment affects the exercise of sentencing discretion by reducing the baseline from which sentencing discretion must be exercised under 18 U.S.C. § 3553(a), and "[a]s explained in Rita and Gall, district courts must treat the Guidelines as the starting point and initial benchmark.". . Kimbrough v. United States, 128 S. Ct. 558, 574 (2007).

---

[3] United States v. Booker, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) (making the Sentencing Guidelines advisory, not mandatory).

DATED this 25th day of June, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on June 25, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Kevin R. Feldis, Esq.

/s/ Mary C. Geddes