NELSON P. COHEN
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kevin.feldis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAI CHING SAELEE,<br><br>　　　　Defendant. | ) Case No. 3:04-cr-0125-RRB<br>)<br>)<br>)<br>)<br>)<br>) <u>GOVERNMENT'S OPPOSITION TO</u><br>) <u>DEFENDANT'S MOTION FOR</u><br>) <u>REDUCTION OF SENTENCE</u><br>) <u>PURSUANT TO 18 U.S.C. § 3582(c)</u><br>) |

　　　　Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Kevin Feldis, hereby files an opposition to defendant Nai Ching Saelee's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c).

In his motion, defendant relies on a recent retroactive amendment to the United States Sentencing Guidelines (U.S.S.G.) which lowered the base offense levels applicable under USSG § 2D1.1 to cocaine base ("crack") offenses. This amendment is inapplicable because it does not impact defendant's sentencing range.

As described in the original Pre-Sentence Report ("PSR"), Mr. Saelee's sentencing guideline range is controlled by the gun offenses for which he was convicted and by his status as a Career Offender. The crack re-sentencing amendments have no impact upon his sentencing range. He is therefore not entitled to re-sentencing.

**I.     The Retroactive Crack Amendments Do Not Reduce Defendant's Sentencing Range**

The defendant pled guilty and was convicted of six felony crimes. Counts 1, 2 and 3 were convictions for possession with intent to distribute various amounts of cocaine base, in violation of 21 U.S.C. § 841(a). Count 5 was a conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a). Counts 4 and 6 were convictions for being a felon in possession of firearms, specifically eight firearms, including a semi-automatic AR-15 rifle and four stolen semi-automatic pistols, in violation of 18 U.S.C. § 922(g).

For purposes of sentencing, the Defendant's convictions were properly grouped into two offense groups under U.S.S.G. § 3D1.2. . Group 1 (counts 1, 2, 3 and 5) included the four drug convictions. Group 2 (Counts 4 and 6) included the two felon in possession firearm convictions.

**A.   Group 1 (Counts 1, 2, 3, and 5)**

Group 1 is the drug offenses. Mr. Saelee was responsible for a total of 10 grams of cocaine base and 8.7 grams of methamphetamine. His original offense level for this quantity of drugs was 26. Two additional levels were added to Group 1 because the defendant possessed dangerous weapons, resulting in a adjusted offense level of 28.

Mr. Saelee now seeks a two level reduction in his guideline calculation for this group of drug offenses. With such a reduction, his adjusted offense level for Group 1 would be reduced to 26.

However, as described below, an offense level reduction for Group 1has <u>no impact</u> on his total overall adjusted offense level which is controlled in this case by Group 2 and his status as a career offender. Accordingly, the retroactive crack re-sentencing amendments have no impact on Mr. Saelee's guideline sentencing range or his ultimate sentence.

**B.     Group 2 (Counts 4 and 6)**

Group 2 is the gun offenses and is unaffected by the changes in the sentencing guidelines.  U.S.S.G. Section 2K2.1(a)(2) applies to this group of offenses.  Because the defendant has previously been convicted of two prior crimes of violence (sexual assault and assault), his base offense level is 24.

Because the defendant possessed multiple firearms (eight in total) an additional 4 levels are added.  U.S.S.G. Section 2K2.1(b)(1).  Because one or more of the firearms were stolen (four in total), 2 more levels are added.  U.S.S.G. Section 2K2.1(b)(4).  And because the defendant used and possessed these firearms in connection with another felony (his drug trafficking offenses) another 4 levels are added.  U.S.S.G. Section 2K2.1(b)(6).  The result is an offense level of 34.  See PSR ¶¶ 57-66.

**C.     The Combined Offense Level for Groups 1 and 2 (all counts) Remains the Same**

The combined offense level for Groups 1 and 2 is calculated under U.S.S.G. Section 3D1.4.  Under the original calculation, Group 1 had adjusted offense level of 28.  Group 2 had an adjusted offense level of 34.  Because Group 1 was six levels less serious, only ½ unit was added, leaving a total adjusted offense level for Groups 1 and 2 combined of 34.  In short, Group 1 had no impact on the

defendant's original guideline sentence calculation.  See PSR ¶ 66.

The same result is reached when the crack sentencing guideline amendments are applied.  Group 1 would now have an adjusted offense level of 26 instead of 28.  However, Group 2 remains at level 34.  Applying Section 3D1.4, the total adjusted offense level for Groups 1 and 2 remains at level 34.  Again, Group 1 has no impact on the final guideline sentence calculation.

Calculating in a three level reduction for acceptance of responsibility, Mr. Saelee's total adjusted combined offense level for Groups 1 and 2, then and now, is level 31.

### D. Defendant Remains in Criminal History Category VI

Mr. Saelee has a lengthy criminal history which is outlined in the original PSR.  Mr. Saelee's criminal history results in 15 criminal history points and a Criminal History Category of VI.  See PSR ¶¶ 83-86.  This category remains unchanged by the retroactive crack sentencing amendments.

### E. The Defendant's Sentencing Range Remains the Same

Even after application of the retroactive crack sentencing amendments, Mr. Saelee is properly placed in the same offense level 31 and criminal history category VI.  His sentencing guideline range therefore remains 188 to 235 months.

### F. The Defendant Also Remains a Career Offender

In addition to the above sentencing guideline formulation, the defendant was also found to be a Career Offender pursuant to U.S.S.G. § 4B1.1. See PSR ¶ 67. This conclusion was properly reached because he was convicted of a controlled substance offense having previously been convicted of two felony crimes of violence. The Career Offender table at U.S.S.G. § 4B1.1(b) provides that the defendant's offense level shall be 34, with a criminal history category of VI. Subtracting three levels for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1, results in a total adjusted offense level of 31.

This is exactly the same result reached above. And here again, the defendant's status as a Career Offender, and the resulting offense level and criminal history category, are not impacted by the retroactive crack amendments to the sentencing guidelines. His offense level of 31 and criminal history category of VI results in the same sentencing range of 188-235 months.

### II. Background On The Retroactive Guideline Amendment

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

    (1)    <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    (2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

### III. Defendant's Sentence May Not Be Reduced Because His Guideline Sentencing Range Does Not Change

Defendant's motion must be denied because, notwithstanding the guideline crack amendment, the amendment does not have the effect of lowering defendant's guidelines range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a

defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore <u>is not authorized under 18 U.S.C. § 3582(c)(2)</u> if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. <u>See, e.g.</u>, <u>United States v. Townsend</u>, 98 F.3d 510, 513 (9th Cir. 1996) (although retroactive amendment to career offender guideline changed definition of statutory maximum, amendment did not benefit defendant given that maximum penalty for his offense, bank robbery, was same under either definition, and thus guideline range was same); <u>United States v. Armstrong</u>, 347 F.3d 905, 908 (11th Cir. 2003) (district court correctly denied motion, where defendant's offense level was not altered by subject of retroactive amendment); <u>United States v. Young</u>, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where sentence actually was based on considerations not affected by retroactive guideline amendment); <u>United States v. Gonzalez-Balderas</u>, 105 F.3d

981, 984 (5th Cir. 1997) (although retroactive amendment reduced defendant's offense level, new level (44) still required sentence of life imprisonment imposed, so district court properly denied motion summarily); <u>United States v. Dorrough</u>, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (district court did not abuse its discretion in denying § 3582(c)(2) motion, where alternative means of sentencing permitted by applicable guideline produced same offense level that applied earlier); <u>United States v. Allison</u>, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where sentence would not be different under new guideline).

Mr. Saelee's guideline sentence calculation, then and now, results in a total offense level of 31 and a criminal history of VI, with a sentencing range of 188-235 months.  This calculation has not changed, and there is therefore no authority and no justification for his sentence to be altered.

**IV.   The Crack Amendments Have No Impact on Career Offenders**

The defendant's guideline sentencing range also remains the same because he is a Career Offender.  As demonstrated above, there are two reasons why the defendant's sentence did not rest on the provisions regarding crack cocaine in Section 2D1.1, which has been amended.  First, is that the defendant's firearms convictions (Counts 4 and 6) controlled the sentencing guideline range and resulted in the level 34 and criminal history category VI.  Second, the defendant

was found to be a Career Offender based upon his prior convictions. Accordingly, even if his offense level were not already a level 34, and even if his criminal history category was not already VI, he was also properly placed in these categories pursuant to U.S.S.G. Section 4B1.1. That guideline enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the Career Offender scenario are unanimous in holding that the crack re-sentencing amendments do not impact the career offender provisions.[4]

---

[4] See, e.g., United States v. Gray, 2008 WL 895012, *2 n.1 (4th Cir. Apr. 2, 2008) (not precedential); United States v. Bronson, 2008 WL 539796, *2 (4th Cir. Feb. 27, 2008) (not precedential); United States v. Tingle, 2008 WL 1902055 (8th Cir. May 1, 2008); United States v. Williams, 2008 WL 762083, *7 (E.D. Ark. Mar. 18, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008); United States v. McDougherty, 2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); United States v. Lee, 2008 WL 2357243 (N.D. Cal. June 6, 2008); United States v. Herrera, 2008 WL 2438036 (D. Colo. June 16, 2008); United States v. Gutierrez, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. Brantley, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); United States v. Davis, 2008 WL 660277 (M.D. Fla. Mar. 6, 2008); United States v. Straughter, 2008 WL 717686 (S.D. Fla. Mar. 24, 2008); United States v. Jones, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); United States v. McKinney, 2008 WL 2224899 (S.D. Ill. May 27, 2008); United States v. Nunnally, 2008 WL 2266301 (N.D. Ind. June 2, 2008); United States v. Diaz, 2008 WL 2036831 (N.D. Iowa May 9, 2008); United States v. Martin, 2008 WL

Accordingly, career offenders are not entitled to re-sentencing under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reasons stated above, Mr. Saelee is not entitled to re-sentencing under 18 U.S.C. § 3582(c)(2).  In fact, the crack re-sentencing amendments have no impact on the defendant's sentencing guideline range, which remains unchanged.  Accordingly, the defendant may not seek to have the defendant re-sentenced, or attempt to use the crack re-sentencing provisions to have his sentence reduced based upon any other considerations.

//

//

//

---

1995090 (D. Kan. May 6, 2008); United States v. Conce, 2008 WL 2038901 (D. Mass. May 13, 2008); United States v. Washington, 2008 WL 660227 (D. Me. Mar. 6, 2008); United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Hayes, 2008 WL 2444446 (E.D. Mich. June 13, 2008); United States v. Lewis, 2008 WL 1968712 (S.D. Miss. May 5, 2008); United States v. Rogers, 2008 WL 2329320 (W.D.N.C. June 5, 2008); United States v. Ware, 2008 WL 906410 (D.N.H. Apr. 3, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Taylor, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008); United States v. Rivera, 535 F. Supp. 2d 527 (E.D. Pa. 2008); United States v. Thompson, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); United States v. Wright, 2008 WL 2078134 (D.S.C. May 15, 2008); United States v. Jackson, 2008 WL 892688 (W.D. Va. Mar. 28, 2008); United States v. White, 2008 WL 724171 (W.D. Va. Mar. 17, 2008); United States v. Manns, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); United States v. Garcia, 2008 WL 725025 (E.D. Wash. Mar. 17, 2008); United States v. Biami, 2008 WL 1869108 (E.D. Wis. Apr. 22, 2008) (includes extensive analysis and citation of numerous district court decisions which unanimously agree with this result).

USA v. Nai Ching Saelee
3:04-cr-0125-RRB                                    14

The government respectfully requests that defendant's motion be denied without a hearing.

RESPECTFULLY SUBMITTED this <u>28th</u> day of July, 2008, at Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        <u>s/Kevin Feldis</u>
        KEVIN FELDIS
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        E-mail: <u>kevin.feldis@usdoj.gov</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2008
a copy of the foregoing **GOVT'S
OPPOSITION TO DEFENDANTS'
MOTION FOR REDUCTION OF
SENTENCE PURSUANT TO 18
U.S.C. § 3582(c)** was served electronically on:

Mary Geddes,
Assistant Federal Defender
Counsel for Defendant


<u>s/ Kevin Feldis</u>
Assistant U.S. Attorney


USA v. Nai Ching Saelee
3:04-cr-0125-RRB                15